## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

APRIL D. PARISH,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-13-377-FHS-KEW
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff April D. Parish (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 3, 1985 and was 24 years old at the time of the ALJ's decision.  Claimant completed her high school education and graduated from college.  Claimant has no past relevant work.  Claimant alleges an inability to work beginning

June 1, 2006 due to limitations resulting from a Dandy-Walker malformation or cyst and hydrocephalus which required multiple surgeries for the repair and replacement of shunts to drain fluid from Claimant's skull, seizures, migraine headaches, medication side effects, fatigue, memory problems, concentration problems, difficulties handling stress and changes in routine, problems being around large groups of people, problems being around unfamiliar people, and panic attacks.

## Procedural History

On December 6, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Deborah Rose ("ALJ") on December 9, 2009 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on January 22, 2010. On July 7, 2010, the Appeals Council denied review.

Claimant appealed the ALJ's decision to this Court. By Order and Judgment dated March 29, 2012, the decision was reversed and remanded for further proceedings. After a supplemental hearing, the ALJ issued another unfavorable decision on June 21, 2013.

Claimant did not file written exceptions with the Appeals Council and the Appeals Council did not assume jurisdiction over the case. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with restrictions.

## Error Alleged for Review

Claimant asserts the ALJ committed error in rejecting the opinion of the consultative mental health examiner.

## Consideration of the Opinion of the Consultative Examiner

In her decision, the ALJ determined Claimant suffered from the severe impairments of epilepsy, hydrocephalus, Dandy-Walker cyst, general anxiety disorder, and migraine headaches. (Tr. 390). He concluded that Claimant retained the RFC to perform light work except that she could only occasionally climb, kneel, crouch, crawl, balance, and stoop. She would need to avoid any exposure to hazards such as moving machinery or unprotected heights. She could perform simple and some more complex tasks, such as that of semi-

skilled work, but where she would not be required to have strong short-term memory skills. She could be around the public but could not interact with the public for completion of job tasks. She could work in proximity to other people but would be best in a smaller number of familiar co-workers and supervisors but then could perform superficial and incidental work-related interaction with them. (Tr. 393). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of sorter and assembler, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 400). Based upon these findings, the ALJ concluded Claimant was not disabled. (Tr. 401).

Claimant contends the ALJ failed to properly evaluate the opinion of the consultative examining psychologist, Dr. Denise LaGrand. On May 14, 2008, Claimant underwent a consultative mental status examination with Dr. LaGrand. She estimated Claimant's cognitive functioning in the average range. Her ability to follow instructions was adequate. Claimant's response in a work setting was low to below average. Her ability to maintain appearance was adequate. Her ability to be reliable, communicate, and interact in a socially adequate manner and function independently was fair. Claimant's capacity to cope with the typical mental/cognitive

demands of basic work-like tasks, sustain concentration and persistence on basic tasks, and complete work-like tasks within an acceptable time frame was fair. Dr. LaGrand concluded by stating that Claimant's disability application appeared to be based on both mental and physical problems and that the combination of mental and physical symptoms leads to greater impairment and made Claimant less likely to be successful in a job setting. (Tr. 276-77).

The ALJ referenced Dr. LaGrand's findings in his decision. (Tr. 397). However, the ALJ gave her conclusion that the combination of mental and physical symptoms made Claimant less likely to be successful in a job setting. The ALJ stated that this conclusion was "beyond the scope of her expertise which is solely mental." She found the remainder of Dr. LaGrand's opinion was consistent with the RFC findings and opinions of the state agency doctors. (Tr. 398-99).

The ALJ did not address Dr. LaGrand's opinion that Claimant's "response in a work setting is low to below average." Since it was not addressed, it is deemed rejected by the ALJ. The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. <u>Doyle v. Barnhart</u>, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such

opinions.  The ALJ must also give consideration to several factors in weighing any medical opinion.  Id.; 20 C.F.R. § 416.927(d)(1)-(6).  Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."  Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).  This omission was also present in the last ALJ decision and was referenced in the order remanding.  (Tr. 412-13).  Again, on remand, the ALJ shall address the totality of Dr. LaGrand's restrictions and opinion, determine if it modifies the RFC, and, if it does not, provide specific and legitimate reasons for the rejection of any finding or opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen

(14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE